51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando ZUNIGA-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70482.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernando Zuniga-Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's decision denying his application for voluntary departure. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we affirm.
 
 
 3
 Zuniga-Lopez contends that the immigration judge erred in denying his request for voluntary departure because the judge failed to consider the following equities in his favor: he works cleaning houses, gardening and landscaping; he gives $150 per week to his common-law wife and the mother of his three children; and three of his five brothers are lawful permanent residents of the United States.
 
 
 4
 Our review is limited to the BIA's decision because the BIA conducted an independent review of the immigration judge's decision. See Alaelua v. INS, No. 93-70868, slip op. 1175, 1181 (9th Cir. Jan. 30, 1995). In reviewing a denial of voluntary departure, we examine only whether the BIA actually exercised its discretion and whether it did so arbitrarily or capriciously. See Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1991).
 
 
 5
 The record demonstrates that the BIA considered Zuniga-Lopez's work history and family ties in denying his application for voluntary departure.[1] The BIA found that his illegal reentries into the United States after having been granted administrative voluntary departure and his 1990 criminal conviction for lynching outweighed the equities in his favor. The BIA properly supported its denial of Zuniga-Lopez's application for voluntary departure with a reasoned explanation that was based on legitimate concerns. See Abedini, 971 F.2d at 193.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the BIA did not specifically address Zuniga-Lopez's claim that he gives $150 per week to his common-law wife, he did not raise this precise claim before the BIA. Zuniga-Lopez alleged in his brief before the BIA only that he has worked responsibly to support his family, which the BIA rejected as a positive equity when it found that he "demonstrated ... no evidence of stable employment."